UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| PATRICK A. CARLONE,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF ST. PAUL,<br><br>    Defendant. | Civil No. 09-203 (JNE/AJB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and the action will be dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).

In this case, Plaintiff alleges that the named Defendant, The City of St. Paul, Minnesota,

> "violated the power of their elected office by allowing a St. Paul City Councilmember of Ward (2), to conspire with officers of the West 7th Fort Road (Federation) to refuse exception of certified mail from the United States Postal Service, (Notice of the F.O.I.A., causing delayment [sic] of the Plaintiff's investigation."

(Complaint, [Docket No. 1], p.1.)

Plaintiff further alleges that "St. Paul City Councilmember of Ward (2) and officers of the West 7th Fort Road (Federation)" also –

> (i) "violated the Plaintiffs [sic] rights of discrimination by sending information of both public and private matters that has caused the Plaintiff to lose his employment, home and personal property;"
>
> (ii) "conspired to bring hardship and hate against the Plaintiff in the community where he resides and at his place of employment;" and
>
> (iii) "may have been given direction by an assistant city attorney in and for the City of St. Paul to carry out their acts and deeds by refusal to: except [sic] certified mail."

(Id., p. 2.)

Based on these meager and obscure allegations, Plaintiff is attempting to sue the City of St. Paul under the federal Freedom of Information Act, ("FOIA"), and Title VII of the federal civil rights laws. Plaintiff is seeking a judgment in this matter, which would compel the Federal Bureau of Investigation and the United States Postal Service "to conduct an investigation of what appears to be violations of Federal laws." (Id.) He is also asking for an award of money damages "in excess of $50,000." (Id.)

While a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to some legal remedy against the named defendant(s) based on some cognizable legal theory. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). Plaintiff's current complaint fails to meet this standard, because it does not describe anything that the City of St. Paul did, or failed to do,

that could entitle Plaintiff to any legal redress.  Indeed, the complaint does not describe <u>any</u> specific act or omission by the City of St. Paul itself.  For this reason alone, Plaintiff's complaint fails to state an actionable claim for relief.

The Court further notes that the Plaintiff cannot sue the City of St. Paul under FOIA, because that law applies only to <u>federal</u> agencies; the law is wholly inapplicable to state or local agencies, such as the City of St. Paul.  <u>Grand Cent. Partnership, Inc. v. Cuomo</u>, 166 F.3d 473, 484 (2nd Cir. 1999); <u>Pennyfeather v. Tessler</u>, 431 F.3d 54, 56 (2nd Cir. 2005).  <u>See also Shakopee Mdewakanton Sioux (Dakota) Community v. Hatch</u>, Civil No. 01-1737 (ADM/AJB), (D.Minn. 2002), 2002 WL 1364113 at *6 ("'the plain language of the FOIA precludes its application to state or local agencies'"), (quoting <u>Mamarella v. County of Westchester</u>, 898 F.Supp. 236, 237 (S.D.N.Y. 1995)).

In addition, Plaintiff has clearly failed to state an actionable Title VII claim.  That law protects workers from certain types of unlawful class-based discrimination by employers.  However, Plaintiff has not alleged that he has ever had any employment relationship with Defendant City of St. Paul; nor has he alleged that he is a member of any class of workers that is protected from unlawful discrimination under federal law.  (Plaintiff also has not alleged that he has exhausted his administrative remedies, which is an elemental prerequisite for bringing a federal court lawsuit based on Title VII.)

For all the reasons discussed above, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted.  The Court will therefore recommend that Plaintiff's IFP application be denied, and this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: February 13, 2009

   s/ Arthur J. Boylan
ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before March 2, 2009.